UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| EARL DESSESAURE,            ) | | |
|     Plaintiff,            ) | | |
|                            ) | | |
|     v.                    ) | | C.A. No. 10-10842-NMG |
|                            ) | | |
| BOSTON POLICE DEPARTMENT, ET AL.,  ) | | |
|     Defendants.         ) | | |

## MEMORANDUM AND ORDER

GORTON, D.J.

On July 1, 2010, a Memorandum and Order (Docket No. 10) issued directing Plaintiff to demonstrate good cause why this action should not be dismissed for the reasons stated therein. The Plaintiff was also assessed an initial filing fee pursuant to the Prison Litigation Reform Act, with the balance of the filing fee to be paid in installments. See 28 U.S.C. § 1915(b).

On July 16, 2010, in response to the Memorandum and Order, Plaintiff filed a Motion to Dismiss Without Prejudice (Docket No. 12) because he does not have the partial filing fee and will not be able to obtain the partial filing fee because his family has limited resources. He seeks to dismiss this action in order to avoid the filing fee obligations, although he knows that eventually he will have to pay the filing fee.

## DISCUSSION

Notwithstanding the request to voluntarily dismiss this action without prejudice, Plaintiff remains obligated to pay the filing fee as assessed by this Court, including the initial partial filing fee. See Purkey v. Green, 28 Fed. Appx. 736, 746 (10th Cir. 2001) ("Section 1915(b) does not waive the filing fee, however, nor does it condition payment of the filing fee on success on the merits. . . . Notwithstanding the district court's dismissal of plaintiff's action, he is still required to pay the full filing fee to the district court."); McGore v. Wrigglesworth, 114 F.3d

601, 604-607 (6th Cir. 1997) (filing fee due when complaint filed; dismissal of a complaint does not eliminate prisoner's obligation to pay the required fees).

This Court is unaware of any statutory authority by which a prisoner's filing fee obligations under the *in forma pauperis* statute may be vacated, nor has Plaintiff cited to any legal authority.  Moreover, as an equitable consideration, the Court notes that the purposes of the Prison Litigation Reform Act would be undermined if a court were to waive the filing fee in whole or part in the type of situation presented here.  Plaintiff has engaged the resources of the Court and its staff by filing this case; the matter required case opening and processing, as well as a statutory preliminary screening.  The Court issued the Memorandum and Order (Docket No. 10) outlining the various legal impediments to this case, as well as other Orders.  The filing fee -- which represents only a modest portion of the Court's cost of deploying its resources -- is a means to insure that resources are not consumed thoughtlessly.

In light of the above, the Court finds no good cause has been shown to grant Plaintiff's request to vacate the initial partial filing fee assessment.  Accordingly, his Motion for Voluntary Dismissal (Docket No. 12) is DENIED.

Notwithstanding the above, however, the Court notes that although the filing fee must be "assessed" by this Court pursuant to the mathematical formula set forth in the *in forma pauperis* statute, the statute also provides for "collection" of the assessed fee "<u>when funds exist</u>" in a prisoner's inmate account.  <u>See</u> 28 U.S.C. § 1915(b)(1) (underline added).  Presumably, if there are insufficient funds in the prisoner's inmate account, then no collection will be made.  In any event, this Court would not dismiss this action based on the failure to pay the initial partial filing fee, if Plaintiff lacked prison account funds to do so.

In light of this, Plaintiff now is faced with two options.  He may choose to file a Notice of Voluntary Dismissal if he does not intend to prosecute his claims.  Alternatively, Plaintiff may choose to continue prosecution of this action by submitting a show cause response to the prior Memorandum and Order.[1]  In either case, the filing fee obligations as assessed will remain in effect.

Any Notice of Voluntary Dismissal or any show cause response shall be filed within 30 days of the date of this Memorandum and Order.

SO ORDERED.


July 28, 2010                                             /s/ Nathaniel M. Gorton
DATE                                                      UNITED STATES DISTRICT JUDGE

---

[1]Should Plaintiff dismiss this action upon a Notice of Voluntary Dismissal, the dismissal would not count as a "strike" against him pursuant to the three-strikes rule of 28 U.S.C. § 1915(g) (providing that a prisoner is ineligible for *in forma pauperis* status if he/she has had three or more cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted).  Should this action be dismissed for the reasons set forth in the Memorandum and Order (Docket No. 10), this case might count as a "strike" against Plaintiff under that provision.